IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANA MARISCAL, individually, and for and on behalf of all other surviving heirs at law of GERMAN L. CLERICI, deceased,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KRISTOPHER THOMAS VALADEZ, JR., CANDACE MARIE VALADEZ (f/k/a JONES), and CHRISTOPHER LEE MUSSELMAN,<br><br>　　　　　　　　Defendants. | CIVIL ACTION<br><br>No. 24-4069-KHV |

## MEMORANDUM AND ORDER

On July 30, 2024, Ana Mariscal filed suit against Kristopher Thomas Valadez, Jr., Candace Marie Valadez and Christopher Lee Musselman. In connection with the death of her son, German L. Clerici, plaintiff asserts claims under Kansas law for (1) wrongful death against Kristopher Thomas Valadez, Jr., (2) fraudulent concealment against all three defendants and (3) civil conspiracy against all three defendants. See Complaint (Doc. #1). This matter is before the Court on the Motion To Dismiss Plaintiff's Complaint By Defendants Kristopher Thomas Valadez, Jr. And Candace Marie Valadez (Doc. #11) filed September 11, 2024. For reasons stated below, the Court sustains in part and overrules in part defendants' motion to dismiss.

## Legal Standard

Defendants seek to dismiss plaintiffs' complaint under Rule 12(b)(6), Fed. R. Civ. P. In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss,

a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id. Plaintiff bears the burden of framing her claims with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendants are liable for the alleged misconduct. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully—it is not enough to plead facts that are "merely consistent" with defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual Background**

Plaintiffs' complaint alleges as follows:

Ana Mariscal is the surviving mother of German L. Clerici, who was born in 1990 and died on January 31, 2010, at the residence of Kristopher Thomas Valadez, Jr., and Candace Marie

Valadez.

On February 1, 2010, Mariscal had not heard from her son since January 29, and he had not shown up for his scheduled college classes on February 1. She therefore reported him missing to the Wichita Police Department. Someone also reported that his vehicle was missing.

On February 6, 2010, a resident of a rural property in Butler County, Kansas found Clerici's dead body in a creek. The coroner determined that Clerici had died from a single close range gunshot wound to the face.

Soon after the body was found, law enforcement investigators interviewed several of Clerici's family members and close friends. Law enforcement identified Kristopher Thomas Valadez, Jr. ("Kristopher") as a close friend of Clerici. Kristopher denied knowing Clerici's whereabouts and told law enforcement that he and his live-in girlfriend, Candace Marie Valadez ("Candace"), were trying to find Clerici when they heard that he was missing.

Law enforcement identified Christopher Lee Musselman as another close friend of Clerici. He also denied knowing Clerici's whereabouts and told law enforcement that he last saw Clerici leaving a friend's house alive with two other people.

On June 8, 2010, law enforcement located Clerici's vehicle parked along a street in Wichita. Investigators found Clerici's property inside the vehicle, and witnesses indicated that the vehicle had not been moved in months. Law enforcement found no further leads, and the investigation into Clerici's death went cold for many years.

In July of 2021, the Butler County Sheriff's Office reopened Clerici's homicide investigation. A witness came forward and told investigators that (1) Kristopher admitted he had shot and killed Clerici at Kristopher's house in Wichita, (2) Candace and Musselman admitted being present when Kristopher killed Clerici and (3) all three individuals admitted disposing of

Clerici's body and destroying all evidence related to the killing.

Around the same time, investigators interviewed Musselman who—after demanding and receiving full immunity from prosecution—admitted that he had lied to investigators in 2010. In detail, he described that he saw Kristopher shoot and kill Clerici in the bedroom of Kristopher's house. After smoking marijuana and ingesting other mind-altering substances, Kristopher and Clerici were passing a firearm back and forth when Kristopher accidentally fired the gun and shot Clerici in the face, killing him. All three defendants agreed not to contact the police and worked together to destroy evidence and conceal the homicide. They dumped Clerici's body over the edge of a bridge in rural Butler County and drove Clerici's vehicle to a location in Wichita to conceal the fact that Clerici had been at Kristopher's house. Defendants scrubbed the house with cleaning agents to remove blood, painted the walls and later burned the bed, sheets and other materials related to the homicide.

Law enforcement investigators interviewed several other people and searched Kristopher's house, finding evidence that corroborated Musselman's account of the events. Investigators also found a witness who had assisted in destroying and disposing of the firearm which Kristopher used to kill Clerici.

On July 25, 2022, the State of Kansas filed criminal charges against Kristopher and Candace, and on July 30, 2022, law enforcement took them into custody in South Carolina, where they were residing. On August 11, 2022, Kristopher and Candace appeared for first appearances in the District Court of Sedgwick County, Kansas for their respective criminal cases. On June 16, 2023, Kristopher and Candace waived their statutory rights to preliminary hearings and arraignments; they did not enter pleas at this time.

On December 1, 2023, Kristopher entered guilty pleas to four felony charges: one count of

involuntary (reckless) manslaughter, two counts of criminal threat and one count of obstructing legal process or official duty. At the plea hearing, he publicly admitted the facts of the homicide and subsequent cover-up. On January 19, 2024, the District Court of Sedgwick County sentenced him to 32 months in prison.

On February 2, 2024,[1] Candace entered a guilty plea to a reduced misdemeanor charge of obstructing legal process or official duty. The District Court of Sedgwick County sentenced her to time served.

On July 30, 2024, plaintiff filed suit, asserting claims of wrongful death against Kristopher, and fraudulent concealment and civil conspiracy to conceal Clerici's homicide against all three defendants. See Complaint (Doc. #1). On September 11, 2024, Kristopher and Candace filed this motion to dismiss. See Motion To Dismiss (Doc. #11).

**Analysis**

Both defendants argue that under Rule 12(b)(6), the Court should dismiss plaintiff's complaint because Kansas' two-year statute of limitations and 10-year statute of repose bar her claims.

Under K.S.A. § 60-513, a party must bring a wrongful death action or an action for relief on the ground of fraud within two years of the injury or, if the fact of the injury is not reasonably ascertainable until sometime after the initial act, within two years of when the injury becomes reasonably ascertainable to the injured party. K.S.A § 60-513(a)–(b). Because the two-year statute of limitations does not accrue until the fact of injury is discoverable, K.S.A § 60-513(b) also imposes a 10-year statute of repose. See K.S.A § 60-513(b). The statute states that "in no event"

---

[1] The complaint states February 2, 2023, but the Court assumes that this is a typographical error and that she intended 2024.

may a party commence an action more than 10 years beyond the time of the act giving rise to the cause of action. K.S.A. § 60-513(b).

If defendants' fraudulent concealment prevents plaintiff from discovering the injury, then both the two-year statute of limitations and the 10-year statute of repose are tolled until plaintiff could reasonably ascertain the injury. Robinson v. Shah, 23 Kan. App. 2d 812, 826, 936 P.2d 784, 794 (1997). This tolling exception, however, only applies to claims based on fraud. Bonin v. Vannaman, 261 Kan. 199, 207, 929 P.2d 754, 762 (1996) (fraudulent concealment only tolls time period if plaintiff's claim for relief is validly grounded in fraud on its face); Doe v. Popravak, 55 Kan. App. 2d 1, 14, 421 P.3d 760, 769 (2017) (only valid, sufficiently pled claims of fraud and fraudulent concealment can toll statute of repose); Freebird, Inc. v. Merit Energy Co., 883 F. Supp. 2d 1026, 1035 (D. Kan. 2012) (Kansas Supreme Court has reiterated that fraud and concealment toll running of statute of limitations only when relief is sought on the ground of fraud).

Defendants argue that since Clerici's death occurred on January 31, 2010, and plaintiff filed her suit 14 years later, the statute of limitations and the statute of repose bar plaintiff's claims. Alternatively, defendants argue that even if the statues were tolled for some period, plaintiff could have reasonably ascertained the fact of the injury on July 25, 2022, when the State of Kansas criminally charged defendants, so the two-year statute of limitations bars her claims. Plaintiff responds that because defendants fraudulently concealed the facts of the injury by disposing of evidence and lying to investigators, she could not have reasonably ascertained the facts of the injury until Kristopher pled guilty on December 1, 2023. Plaintiff therefore asserts that she filed suit within two years of December 1, 2023, and that the statute of limitations does not bar her claims.

**I.      Whether The Statute Of Limitations And Statute Of Repose Bar Plaintiff's Wrongful Death Claim**

Plaintiff brings a claim for wrongful death against Kristopher, alleging that he harmed plaintiff and Clerici's other surviving heirs when he unlawfully killed Clerici. Defendant argues that the Court should dismiss plaintiff's claim because the statute of limitations and the statute of repose, as set forth in K.S.A. § 60-513(b), bar plaintiff's claim. Defendant asserts that the injury occurred, and thus the clock for both began running, on January 31, 2010, when Kristopher killed Clerici. Defendant further argues that even if the statutes did not begin running until plaintiff could have reasonably ascertained the facts of the injury, she could have done so on July 25, 2022, when the State of Kansas criminally charged defendants. Plaintiff contends that she could not have reasonably ascertained the facts of the injury until December 1, 2023, when Kristopher pled guilty.

### A.    Whether The Statute Of Limitations Bars Plaintiff's Wrongful Death Claim

Under K.S.A. § 60-513, a party must bring a wrongful death action within two years of the injury or, if the fact of the injury is not reasonably ascertainable until sometime after the initial act, within two years of when the injury becomes reasonably ascertainable to the injured party. K.S.A § 60-513(a)–(b). A cause of action for wrongful death accrues on the date of death, unless information regarding the fact of death or the wrongful act that caused the death was concealed, altered, falsified, inaccurate or misrepresented. Martin v. Naik, 297 Kan. 241, 241, 300 P.3d 625, 626 (2013). "Reasonably ascertainable" means that plaintiff has an obligation to reasonably investigate available sources that contain facts of the injury and its causation. Murray v. Miracorp, Inc., 318 Kan. 615, 623, 545 P.3d 1009, 1015 (2024). The issue of when plaintiff knew or with reasonable diligence should have known of a cause of action is a question of fact. Maughan v. SW Servicing, Inc., 758 F.2d 1381, 1387 (10th Cir. 1985).

Defendant argues that plaintiff could have reasonably ascertained the facts of the injury on July 25, 2022, when the State of Kansas criminally charged Kristopher and Candace. Plaintiff

argues that she could not have reasonably ascertained the fact of the injury for this claim until Kristopher pled guilty on December 1, 2023.

On a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Iqbal, 556 U.S. at 679.  Here, plaintiff alleges that Kristopher first admitted the fact of the injury—that he killed Clerici, lied to investigators and concealed the evidence—at his plea hearing on December 1, 2023.  Because defendants waived their right to preliminary hearings, the parties did not present evidence in court prior to the plea hearing.  Plaintiff alleges that until Kristopher pled guilty, the facts of the homicide were mere allegations and were not reasonably ascertainable to plaintiff.  Plaintiff does not allege that she was privy to police investigations or that she was aware or notified when the State of Kansas filed criminal charges.  In fact, plaintiff alleges that the State of Kansas normally does not make the filing date of criminal charges public until it serves the arrest warrant.[2]

To determine the exact date that plaintiff could have reasonably ascertained the facts of the injury through a reasonable investigation, the Court would need to consider evidence outside of the pleadings, which is not appropriate at this stage.  Based on the complaint, plaintiff has plausibly alleged that she could not reasonably ascertain the facts of the injury until December 1, 2023. Therefore, the statute of limitations does not bar plaintiff's wrongful death claim.  This conclusion is moot, however, because of the 10-year statute of repose.

B.        Whether The Statute Of Repose Bars Plaintiff's Wrongful Death Claim

K.S.A. § 60-513 imposes a 10-year statute of repose, which states that "in no event" may

---

[2]        Law enforcement took defendants into custody on July 30, 2022.  If plaintiff could have first reasonably ascertained the fact of the injury at this time—or any later date—then the statute of limitations does not bar her claims.

a party commence an action more than 10 years beyond the time of the act giving rise to the cause of action. K.S.A. § 60-513(b). If defendant's fraudulent concealment prevents plaintiff from discovering the injury, then the 10-year statute of repose is tolled until the injury becomes reasonably ascertainable to the injured party. Robinson, 23 Kan. App. 2d at 826, 936 P.2d at 794. This tolling exception, however, only applies to claims based on fraud. Doe, 55 Kan. App. 2d at 14, 421 P.3d at 769.[3]

Defendant argues that since the injury occurred more than 10 years before plaintiff filed her claim, the statute of repose bars it. Plaintiff alleges that because defendant fraudulently concealed the fact of the injury by hiding evidence and lying to investigators, the statute of repose was tolled until she could have reasonably ascertained the facts of the injury.

Because plaintiff's wrongful death claim is not grounded in fraud, the statute of repose cannot be tolled based on defendant's fraudulent concealment. See Doe, 55 Kan. App. 2d at 14, 421 P.3d at 769 (only claims of fraud and fraudulent concealment can toll statute of repose); Marzolf v. Gilgore, 914 F. Supp. 450, 454 (D. Kan. 1996) (time limit imposed by statute of repose can have harsh results, but statutes of repose are matters of legislative prerogative). Based on the facts alleged in the complaint, the injury occurred more than 10 years before plaintiff filed her claim, and therefore the statute of repose time bars it. The Court therefore sustains defendant's motion to dismiss plaintiff's wrongful death claim as untimely.

## II. Whether The Statute Of Limitations And Statute Of Repose Bar Plaintiff's Fraudulent Concealment And Civil Conspiracy Claims

Plaintiff asserts claims for fraudulent concealment and civil conspiracy under Kansas law,

---

[3] For other claims, a plaintiff can bring a separate claim for fraudulent concealment which caused the time bar to run against the original claim, as plaintiff does in this case. Robinson v. Shah, 23 Kan. App. 2d 812, 812, 936 P.2d 784, 786 (1997).

alleging that defendants conspired to conceal their involvement in Clerici's homicide. Again, defendants argue that the Court should dismiss these claims because Kansas' two-year statute of limitations and 10-year statute of repose bar the claims. Plaintiff responds that because defendants fraudulently concealed the circumstances of her son's death, the statute of limitations and the statute of repose were tolled until she could have reasonably ascertained the fact of injury. To toll the statute of limitations and statute of repose, defendants must fraudulently or intentionally commit an affirmative act designed to prevent, and which does prevent, plaintiff from discovering the cause of action. Murray v. Miracorp, Inc., 318 Kan. 615, 623, 545 P.3d 1009, 1015 (2024).

Here, plaintiff has plausibly alleged that defendants fraudulently concealed the fact of injury. Plaintiff alleges that defendants (1) denied knowing Clerici's whereabouts when investigators interviewed them about the case; (2) lied to investigators about when they had last seen Clerici; and (3) disposed of Clerici's body and destroyed other evidence of the crime. Plaintiff has plausibly alleged that defendants fraudulently concealed evidence of her son's death. Accordingly, the statute of limitations and statute of repose were tolled until plaintiff could have reasonably ascertained the facts of the injury.

### A. Whether The Statute Of Limitations Bars Plaintiff's Fraudulent Concealment And Civil Conspiracy Claims

Under K.S.A. § 60-513, a party must bring an action for relief on the ground of fraud within two years of the injury or, if the fact of the injury is not reasonably ascertainable until sometime after the initial act, within two years of when the injury becomes reasonably ascertainable to the injured party. K.S.A § 60-513(a)–(b). The Court shall not deem a fraud claim to have accrued until plaintiff discovers the fraud. Id. The statute of limitations does not start to run until plaintiff discovers the fraud or learns facts that would lead a reasonable person to investigate. Bonin v. Vannaman, 261 Kan. 199, 206–207, 929 P.2d 754, 762 (1996).

Defendants argue that the fact of injury became reasonably ascertainable to plaintiff on July 25, 2022, when the State of Kansas criminally charged defendants, and thus the statute of limitations bars plaintiff's claims. Plaintiff argues that she could not have reasonably ascertained the fact of the injury until Kristopher pled guilty on December 1, 2023.

As discussed above, plaintiff has plausibly alleged that she could not discover the facts of the injury—defendants' fraudulent concealment of her son's homicide—until December 1, 2023, when Kristopher pled guilty to killing her son. The Court agrees that the statute of limitations does not bar plaintiff's claims for fraudulent concealment and for civil conspiracy.

### B. Whether The Statute Of Repose Bars Plaintiff's Fraudulent Concealment And Civil Conspiracy Claims

K.S.A. § 60-513 imposes a 10-year statute of repose, which states that "in no event" may a party commence an action more than 10 years beyond the time of the act giving rise to the cause of action. K.S.A. § 60-513(b). For claims based on fraud, however, if defendant's fraudulent concealment prevents plaintiff from discovering the injury, the 10-year statute of repose tolls until the injury becomes reasonably ascertainable to the injured party. Robinson, 23 Kan. App. 2d at 826, 936 P.2d at 794; Doe, 55 Kan. App. 2d at 14, 421 P.3d at 769.

Defendants argue that the statute of repose bars plaintiff's claims for fraudulent concealment and civil conspiracy because the injury occurred more than 10 years before plaintiff filed her claims. Plaintiff responds that because defendant fraudulently concealed the circumstances of her son's death, the statute of repose was tolled until she could have reasonably ascertained the fact of the injury.

Plaintiff has plausibly alleged that defendants fraudulently concealed the fact of the injury—by disposing of evidence and lying to investigators—and defendants admit that these claims are based on fraud. Motion To Dismiss (Doc. #11), ¶ 26. The statute of repose was tolled

-12-

until plaintiff could have reasonably ascertained the facts of the injury. Defendants claim that plaintiff could have reasonably ascertained the facts of the injury on July 25, 2022, when the State of Kansas criminally charged defendants. Even under defendants' allegation, plaintiff filed her claims well within the 10-year statute of repose. Therefore, the statute of repose does not bar plaintiff's claims for fraudulent concealment and civil conspiracy.

The Court therefore overrules defendants' motion to dismiss plaintiff's fraudulent concealment and civil conspiracy claims.

**IT IS THEREFORE ORDERED** that Motion To Dismiss Plaintiff's Complaint By Defendants Kristopher Thomas Valadez, Jr. And Candace Marie Valadez (Doc. #11) filed September 11, 2024, is **SUSTAINED in part and OVERRULED in part. The Court dismisses plaintiff's wrongful death claim as untimely under Kansas law. The remainder of defendants' motion is overruled.**

Dated this 5th day of November, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge